# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNETH RAY PITTS,                                                                    PLAINTIFF
ADC #85938

v.                                          5:13CV00124-KGB-JTK

LAUAR LEE MORGAN, et al.                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Plaintiff Kenneth Ray Pitts, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion should be denied. 28 U.S.C. § 1915(a).

**II.    SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim,[1] and is considered a "three-striker" within the meaning of the PLRA. Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, although serious physical injury is not defined in the statute, the phrase has been interpreted to include a "chronic disease that could result in serious harm." Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C.Cir.2006). In addition, "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis" resulting from a denial of medication were considered serious injuries in Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

In this case, Plaintiff complains that his left knee swells and locks up, and that he has not been seen by a physician for two months, despite numerous complaints. (Doc. No. 2, pp. 7-8.) He alleges his condition causes him swelling, pain and suffering. (Id., p. 10.) Based on these allegations, the Court directed Plaintiff to submit additional information in the form of grievances or sick calls which might help to determine if his allegations constitute imminent danger to serious harm (Doc. No. 3). Plaintiff submitted a Motion for Leave to File an Amended Complaint, which this Court construes as a Brief in support of his Complaint. He also submitted copies of grievances

---

[1] See 5:99cv00071JMM; 5:99cv00178HW; 5:99cv00437GH; 4:06cv01305JLH..

he filed, which show that he was seen by a doctor in January, 2013, and received medication. (Doc. No. 4, p. 10). In another grievance he indicates that he saw a nurse in February, 2013. (Id., p.25.) Finally, in a grievance filed on April 30, 2013, Plaintiff states he saw Dr. Warren a week ago, and received two medications. (Id., p. 28.) Plaintiff also includes an Affidavit in which he states that he was seen "by another doctor Warren about 4/28/13 or 4/29/13 and he gave me a different 20 mg pills for ten days. I am taking as now ordered on 4/29/13....That these pills still not helping still alone with another he ordered as of 600 mg. IUB." (Id., p. 29.)

Based on these submissions, the Court finds that Plaintiff is not in imminent danger of serious harm, and appears to be complaining about the type of medical treatment he received, which does not support a constitutional claim. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995), and Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). In addition, in Pennington v. Smiley, the Court held that the inmate plaintiff's allegations of "pain in his left knee and leg for more than two years, and believes he may need some type of surgery to save his leg," did not describe imminent danger of serious physical injury. No. 5:09CV00205 JMM/HDY, 2009 WL 2241330 (E.D.Ark. 2009).

Therefore, the Court finds Plaintiff's present allegations insufficient to support a finding that he is in imminent danger of serious physical injury, as provided in the statute, and that he should be required to pay the filing fee in order to prosecute this action.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Pitts' Motion to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2. Should Plaintiff wish to continue this case, he be required to submit the statutory

filing fee of $400.00[2] to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3. Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 9th day of May, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective May 1, 2013, the cost for filing a new civil case increased to $400, due to the implementation of a new $50 administrative fee.